No. 81,284

In the Matter of GERHARD R. METZ, *Respondent.*

(965 P.2d 821)

Opinion filed October 30, 1998.

*Frank D. Diehl,* deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett,* disciplinary administrator, was with him on the formal complaint for petitioner.

*Gerhard R. Metz,* respondent, appeared pro se.

*Per Curiam:* This is an original uncontested proceeding in discipline filed by the office of the Disciplinary Administrator against Gerhard R. Metz of Topeka, Kansas, an attorney licensed to practice law in the state of Kansas. Complaints against Metz alleged that he violated MRPC 1.1 (1997 Kan. Ct. R. Annot. 268) (competence); MRPC 1.3 (1997 Kan. Ct. R. Annot. 276) (diligence); MRPC 1.15(a), (c) and (d) (1997 Kan. Ct. R. Annot. 316) (safekeeping property); MRPC 8.4(b) and (c) (1997 Kan. Ct. R. Annot. 366) (misconduct); and Supreme Court Rule 207 (1997 Kan. Ct. R. Annot. 213).

Metz is not currently registered with the Clerk of the Appellate Courts because he was suspended on November 5, 1997, for failing to meet his continuing education requirements.

The facts are not in dispute. Metz was hired by Virginia Metzen to file a Chapter 7 bankruptcy petition. On March 12, 1997, Metz filed the petition. He paid the $175 filing fee with a check drawn on his trust account. However, the check was returned to the bankruptcy court for insufficient funds. Metz was advised by a deputy bankruptcy clerk of this fact by telephone and was informed there would be an additional $25 fee for the returned check. The deputy clerk followed up this call with a letter. Metz took no action.

A second letter was sent to Metz on March 31, 1997, again informing him of the need to correct the bankruptcy schedules and stating that he had 15 days to do so. This letter again informed Metz of the need to remit $200 for the filing fee and the insufficient

funds check charge of $25 prior to April 5, 1997. Metz was also advised that failure to comply would result in dismissal of the case and revocation of his privileges to practice before the bankruptcy court. Virginia Metzen received a copy of this letter. Metz still made no attempt to comply.

On April 4, 1997, the bankruptcy court received a letter from Metzen requesting permission to retain a new lawyer and additional time to correct all the deficiencies. That same day, attorney Henry Boaten entered his appearance on behalf of Metzen, filed corrected schedules, and paid the filing fee and the returned check charges. Boaten also filed with the bankruptcy court a copy of a letter from the client to Metz terminating his services. On April 7, 1997, Metz paid the $200 to the bankruptcy court.

The events were reported to the Disciplinary Administrator's office. An investigator was assigned. During the investigation, the investigator had difficulty obtaining records from Metz and never received the trust fund records requested.

On January 9, 1998, the office of the Disciplinary Administrator filed a formal complaint against Metz.

Metz filed an answer to the complaint on January 29, 1998, fully admitting the allegations in the complaint. Metz accepted full responsibility for, and the consequences of, his actions.

A hearing was held on February 10, 1998. Metz stipulated to the facts in the formal complaint. As mitigating factors, Frank Diehl, a Deputy Disciplinary Administrator, pointed out that this was the first disciplinary proceeding against Metz. A letter from Metz' therapist indicating Metz was an alcoholic and has a bipolar disorder which is being treated by counseling and medication was admitted into evidence.

The panel issued its report on April 20, 1998. The panel found no aggravating factors. In mitigation, the panel found:

1. An absence of prior disciplinary record;
2. Metz had severe personal problems which included the loss of a good friend to bone cancer. Metz is an alcoholic and also suffers from a bipolar disorder which causes a marked impairment in occupational functioning, for which he is being treated.

3. The respondent expressed extreme remorse for his conduct.

Based upon Metz' stipulation to the complaint, the panel found by clear and convincing evidence that Metz violated MRPC 1.1, 1.3, 1.15(a), (c) and (d), and 8.4(b) and (c), and Supreme Court Rule 207 regarding cooperation with the disciplinary process.

Based upon these findings, the absence of aggravating factors, and considering the mitigating factors, the panel recommended that Metz be suspended from the practice of law for 1 year, with readmission contingent on the outcome of a hearing at which Metz must show he is competent to practice law. The panel further recommended that Metz be ordered to pay restitution in the amount of $300 and that costs be assessed against him.

Metz does not take exception to the panel's findings or recommendations but points out that he has made restitution to the former client of $475 and has paid $200 into the bankruptcy court. We note that amount stated paid by Metz exceeds the amount of restitution and costs found due by the panel.

We hold that the findings and conclusions of the hearing panel are supported by clear and convincing evidence. After a careful review of the record, this court accepts the recommendation of the disciplinary panel that respondent be suspended from the practice of law for 1 year.

IT IS THEREFORE ORDERED that Gerhard R. Metz be and he is hereby disciplined for violations of MRPC 1.1, MRPC 1.3, MRPC 1.15(a), (c), MRPC 8.4(b), and Supreme Court Rule 207.

IT IS FURTHER ORDERED that Gerhard R. Metz be suspended from the practice of law in the State of Kansas for a period of 1 year to commence October 30, 1998, the filing date of this decision.

IT IS FURTHER ORDERED that Gerhard R. Metz shall comply with Supreme Court Rule 218 (1997 Kan. Ct. R. Annot. 235) and shall pay the costs of this action.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports.